SO ORDERED.

SIGNED this 30 day of May, 2012.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

EVELYN C. MAGGIO,                                    CASE NO. 12-03581-8-JRL
                                                     CHAPTER 13

      DEBTOR.

_____

## ORDER

This matter came before the court on the debtor's motion to extend the automatic stay. A hearing was held on May 24, 2012 in Raleigh, North Carolina.

On September 13, 2011, the debtor filed her first chapter 13 bankruptcy petition in the District of New Jersey. This petition was dismissed on February 28, 2012, for failure to prosecute, failure to file a confirmable plan, and exceeding the chapter 13 debt limit under § 109(e) of the Bankruptcy Code. Section 109(e) sets a limit of $360,475 for unsecured debt that is liquidated and noncontingent.

Two days after the dismissal of her first chapter 13 bankruptcy petition, on March 1, 2012, the debtor filed a chapter 11 bankruptcy petition, also in the District of New Jersey. That petition was dismissed for failure to file a confirmable plan on April 16, 2012. In both the first

1

chapter 13 petition and the chapter 11 petition, the debtor, an attorney licensed in the state of New Jersey, stated that she was a resident of New Jersey and that her street address was in Whitehouse Station, New Jersey.  She filed a second chapter 13 bankruptcy petition on May 10, 2012, commencing the case presently before this court.  In this petition the debtor stated that she is a resident of North Carolina and that her home is in Leland, North Carolina.

Prior to filing her first chapter 13 bankruptcy petition, the debtor was a plaintiff in a New York state court action for sexual harassment.  That action gave rise to a counterclaim for false arrest and defamation that resulted in a jury award against her of $2.3 million.   The debtor and the defendant in that state court action agreed to settle the case for $425,000 to be paid within thirty days, and an order approving that settlement was entered by the trial judge.  In a separate agreement, the debtor and her insurance carrier agreed that, if she paid $100,000 of the settlement, the insurance company would pay the remaining $325,000.  To date, neither the debtor nor her insurance company have paid.

Because the automatic stay does not arise if a debtor has had two or more bankruptcy petitions pending in the previous year that have been dismissed, see § 362(c)(4)(A)(i), the automatic stay did not apply to the debtor's chapter 13 bankruptcy filing in this court.  She, therefore, filed a motion to extend the automatic stay on May 11, 2012, and, on May 18, 2012, filed an application to reduce the response time and expedite the hearing on the matter.[1]

At the hearing, the debtor testified that her financial circumstances had not changed since

---

[1]The debtor objected to the judgment creditor's use of his New York attorney to represent him in these proceedings, which includes filing his objection to this motion.  Because it is early in the case, and the response time on this motion was shortened and the hearing was expedited, the judgment creditor's use of out-of-state counsel was permitted for the limited purpose of appearing at this hearing.

she filed the dismissed chapter 13 and chapter 11 bankruptcy petitions.  An attorney, she also stated that she is a North Carolina resident—and has been since at least 2005—though, less than one year ago, she signed the two New Jersey bankruptcy petitions under penalty of perjury.  She explained that she lives in Leland, North Carolina, but is also a full-time faculty member at Medgar Evers College in Brooklyn, New York, twelve hours away, where she is chair of the Department of Business Administration, and, last semester, taught two classes.

In cases where the automatic stay does not immediately apply because the debtor has filed two or more bankruptcy petitions dismissed in the previous year, the court may impose the automatic stay if the case is filed in good faith.  § 362(c)(4)(B).  In these cases, however, the Code creates a presumption of bad faith that the debtor must rebut by clear and convincing evidence.  § 362(c)(4)(D).  The debtor may do so by demonstrating that there has been "a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case . . . or any other reason to conclude that the later case will be concluded . . . with a confirmed plan that will be fully performed."  § 362(c)(4)(D)(i)(III).

The debtor in this case has failed to rebut the presumption of bad faith.  She has filed two previous bankruptcy petitions that were pending and dismissed in the previous year.  Her financial situation has not materially changed since her last bankruptcy petition was dismissed.  Her prior chapter 13 petition was, according to her testimony, dismissed as exceeding the debt limits, and the facts giving rise to that ruling are unchanged.  Although the debtor testified that the chapter 11 case was dismissed because of her counsel's failure to appear at a status conference, the record in that action reflects that he immediately filed a motion to reinstate the case, but withdrew it the day before the court had scheduled an expedited hearing.  For reasons

3

not clear on the record, the debtor chose not to go forward with that case.

Further, she signed two bankruptcy petitions certifying that she was—then—a resident of New Jersey, but she has now testified that she was—instead—a North Carolina resident at the time, regularly commuting twelve hours to work in New York.  Most critically, the debtor cannot bring herself within the debt limit of § 109(e).  Either she owes the compromised amount of $425,000, or, having breached the settlement agreement, the full judgment of $2.3 million.  The fact that the insurance carrier agreed to contribute to the settlement does not alter its underlying character as a claim against her.  Both amounts exceed the unsecured debt limit of $360,475. The debtor has failed to provide clear and convincing evidence to rebut the presumption of bad faith.

Based on the foregoing, the debtor's motion to extend the automatic stay is **DENIED**.

**END OF DOCUMENT**